UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-10-243 |
| | § | |
| MICHAEL BRINK, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Plaintiff's Rule 12(c) Motion for Partial Judgment on the

Pleadings.  (D.E. 14.)   For the reasons stated herein, the Government's Motion is hereby

DENIED.  However, Defendants must, within fourteen (14) days from entry of this order, amend

their answer, providing factual matter in support of their affirmative defenses of estoppel and

waiver according to the standards articulated below, or said defenses will be dismissed.

**I.      Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.

§1345 as this action is brought by the United States under the Clean Water Act, 33 U.S.C, § 1251

et seq.

**II.      Factual and Procedural Background**

This is a civil action brought by the United States to enforce the Clean Water Act.  The

Complaint alleges that Defendants, Michael Brink and Dr. Steven Kalter, own land at the

confluence of La Para Creek and the Nueces River.  Defendants allegedly placed "pollutants" or

"fill material" in La Para Creek when they constructed a damn a short distance from the river.

According to the Complaint, the dam is approximately 160 feet wide and more than 200 feet

long.  The top of the damn is made of steel reinforced concrete and is thirty feet wide.  (D.E. 1, p. 2.)

In its Complaint, the Government alleges that the Defendants were required to obtain a Section 404 permit from the U.S. Army Corps of Engineers prior to building their damn, pursuant to 33 U.S.C. §§ 1311(a), 1319, and 1344, and that, because Defendants failed to obtain a permit, they are in violation of the Clean Water Act. (D.E. 1, p. 2.)  However, the parties dispute whether La Para Creek constitutes navigable "waters of the United States" subject to the provisions of the Clean Water Act.   See 33 C.F.R. § 328.   They also dispute whether the structure under construction at La Para creek is included in those prohibited under 33 U.S.C. § 1311, et seq.

The United States Government filed its Complaint with this Court on July 20, 2010, asserting a single cause of action: violation of the permit requirements of 33 U.S.C. §§ 1311(a), 1319, and 1344.  (D.E. 1, p. 2.)  The Government seeks the following relief: 1) the Defendants will remove the fill material (the dam) from La Para Creek at their expense and at the direction of the United States; (2) the Defendants will restore the nature environment damaged by their actions; and (3) the Defendants will pay the United States a civil penalty and the costs of this action, as well as other relief the Court may deem just and proper.  (D.E. 1, p. 3.)

The Defendants raise the following affirmative defenses: (1) dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted; (2) failure to join a necessary party under Fed. R. Civ. P. 12(b)(7) (specifically, failure to join Live Oak County and the City of Corpus Christi); (3) waiver and estoppel and (4) denial of equal protection.  (D.E. 5.)

Plaintiff has now filed a Rule 12(c) Motion for Partial Judgment on the Pleadings, asking the Court to dismiss Defendants' affirmative defenses of waiver and estoppel.  (D.E. 14.)

Defendants timely responded.  (D.E. 15.)  They filed an amended response two days later.  (D.E. 16.)

## III.    Discussion

### A.    Rule 12(c) Motion for Judgment on Pleadings as Applied to Defenses

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12 (c).  The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.  See Guidry v. American Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Id. (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).  However, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (citation and footnote omitted); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (explaining that claims must offer more than naked assertions devoid of further factual enhancement) (citing Twombly, 550 U.S. 544).

In this case, Plaintiff has used Rule 12(c) as a vehicle to object to the sufficiency of Defendants' affirmative defenses.[1]  Federal Rule of Civil Procedure 8(b)(1) requires that a defendant "state in short and plain terms its defenses to each claim asserted against it," Fed. R.

---

[1] The Court notes that the proper remedy for an insufficient affirmative defense is a motion to strike under Federal Rule of Civil Procedure 12(f).  See Huffman v. Remstar Intern., Inc., 2009 WL 1445967, at *1 (E.D.Tex. May 21, 2009) (construing a motion to dismiss an affirmative defense for failure to state a claim under Rule 12(b)(6) as a motion to strike pursuant to Rule 12(f) (citing Curry v. High Springs Family Practice Clinic and Diagnostic Inc., 2008 WL 5157683, *2 (N.D.Fl.2008)).  However, under Rule 12(f) the Government's motion to strike would not be timely.  See Rule 12(f) (a party may move to strike defenses "within 21 days after being served with the pleading" if a responsive pleading is not allowed.)  The standards articulated herein apply, regardless.

Civ. P. 8(b)(1), and the Fifth Circuit has held that an affirmative defense is subject to the same pleading requirements as the complaint.  Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999).  However, the pleading standard applicable to affirmative defenses is unclear.

In Woodfield, the Fifth Circuit stated that the defendant must plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  Id.  In some cases, the court stated, merely pleading the name of the affirmative defense will suffice. Id.  However, the "fair notice" standard for affirmative defenses set forth in Woodfield is in some doubt following the Supreme Court's decisions in Twombly and Iqbal.  As one district court recently explained:

> the Fifth Circuit decided Woodfield prior to when Twombly and Iqbal were decided, and it applied to affirmative defenses the "fair notice" pleading standard then in effect, i.e., the standard found in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), and its progeny. … **Although Woodfield noted at the time that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint," it is unclear whether this observation still holds true under the plausibility standard of Twombly and Iqbal.**

EEOC v. Courtesy Bldg. Servs., 2011 U.S. Dist. LEXIS 5938, *6-7 (N.D. Tex. Jan. 21, 2011) (emphasis added).

In Rogers v. McDorman, which was decided shortly after the Supreme Court's decision in Twombly, the Fifth Circuit cited Woodfield favorably for the proposition that a defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  521 F.3d 381, 385 (5th Cir. 2008) (citing Woodfield, 193 F.3d at 362).  However, the Fifth Circuit did not address whether Twombly affected the pleading standard for affirmative defenses; and Rogers was decided before the Supreme Court confirmed Twombly's heightened pleading standard in Iqbal.

Therefore, under Fifth Circuit law it is clear that an affirmative defense must, *at minimum*, provide "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  See Woodfield, 193 F.3d at 362.  But it is not clear whether the Supreme Court's decisions in Twombly and Iqbal extend to the pleading requirements of affirmative defenses.

"The issue has not been resolved by any of the Circuit Courts of Appeals.  However, the majority of district courts that have addressed this question have answered it in the affirmative."  Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532, 536 (D. Md. 2010) (citing  Barnes v. AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 2010 U.S. Dist. LEXIS 62515, at *10 (N.D. Cal. June 22, 2010) (noting that "the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses"); Hayne v. Green Ford Sales, Inc., 263 F.R.D.647, 650 nn.14-15 (citing nine cases that applied Twombly and Iqbal to affirmative defenses and three cases that reached the opposite conclusion).)

Therefore, this Court will also apply the plausibility standard articulated in Twombly and Iqbal in assessing the sufficiency of affirmative defenses.

**B.     Analysis**

The Clean Water Act provides, among other things, that it is illegal to make pollutant discharges into the "waters of the United States" except in compliance with the permit requirements of the statute.  33 U.S.C. § 1311.[2]  In addition, a person wishing to discharge "dredged or fill material" into "waters of the United States" must submit an application for a

---

[2] "Pollutant" includes "dredged spoil, … rock, sand [and] cellar dirt, and industrial, municipal, and agricultural waste discharged into water."  33 U.S.C. § 1362(6).

permit under the CWA.  § 1344.[3]  The term "waters of the United States" establishes the jurisdictional limits of the authority of the Corps of Engineers to enforce these provisions of the Clean Water Act.  33 C.F.R. § 328.1.  The term is defined exhaustively in the Code of Federal Regulations.  See 33 C.F.R. §328.3.[4]

As said, the Government contends that La Para Creek constitutes "waters of the United States" subject to the CWA's provisions.  The Government contends that Defendants have violated the CWA by failing to obtain a permit before depositing pollutants and/or fill material into the creek.

In its Motion for Partial Judgment on the Pleadings, the Government contends that Defendant's affirmative defenses of estoppel and waiver must be dismissed under the standard applicable to a Rule 12(c) motion for judgment on the pleadings discussed above.  (D.E. 5.)

The Government first contends that Defendants cannot establish the elements of their waiver and estoppel defenses because Defendants do not allege that they contacted or consulted with the Corps of Engineers to obtain a permit *before* they constructed a dam in La Para Creek. (D.E. 14 at 2.)  Accordingly, Defendants have alleged no factual circumstances indicating that the Government made false representations to Defendants on which they relied in constructing their dam, or that the Government indicated an intent to relinquish its right to enforce the CWA against the Defendants.[5]

---

[3] "Examples of such fill material include, but are not limited to: rock, sand, soil, clay, plastics, construction debris, wood chips, overburden from mining or other excavation activities, and materials used to create any structure or infrastructure in the waters of the United States."  33 C.F.R. 323.2(e)(2)).

[4] In addition, the Supreme Court has held that **"**the phrase 'the waters of the United States' includes only those relatively permanent, standing or continuously flowing bodies of water 'forming geographic features' that are described in ordinary parlance as 'streams,' 'oceans, rivers, [and] lakes,' … and does not include channels through which water flows intermittently or ephemerally, or channels that periodically provide drainage for rainfall."  See Rapanos v United States, 547 US 715 (2006)

[5] Estoppel generally prevents one party from misleading another to the other's detriment or to the misleading party's own benefit.   Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 515-16 (Tex. 1998).  "[T]the doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made

The Government additionally contends that – even if Defendants have established the traditional elements of estoppel or waiver – Defendants cannot meet the heightened burden of estopping the Government from enforcing the CWA's permit requirements.  (D.E. 14 at 3.)  The Government cites authority holding that "[i]n order to establish estoppel against the government, a party must establish **affirmative government misconduct** in addition to the four traditional elements of estoppel."  Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 607 (5th Cir. 2007) (quoting Taylor v. United States Treasury Dep't, IRS, 127 F.3d 470, 474 (5th Cir. 1997)) (emphasis added).   According to the Government, because Defendants have not alleged any facts indicating affirmative misconduct on the part of the Government in this case, their defense of estoppel must be dismissed.

Defendants respond, first, that the Government has not yet proven that La Para Creek is a navigable "water of the United States" subject to jurisdiction of the Corps of Engineers under the Clean Water Act, and that, if the Government fails to establish jurisdiction, then the "entire government case fails, along with any restriction of Defendants' reliance on the doctrine of equitable estoppel."  (D.E. 16 at 1-2.)  Second, Defendants respond that in order to prevail on their defense of estoppel they only need to adduce evidence *at trial* demonstrating affirmative government misconduct – not at the pleading stage.  (D.E. 16 at 2.)

With respect to Defendants' first argument, Defendants are correct that it is not yet established from the pleadings whether La Para Creek constitutes "waters of the United States"

---

with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations."  Johnson & Higgins, 962 S.W..2d at 515-16.

"Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right."   Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008).  "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right."  Id.

subject to the Corps of Engineers' jurisdiction.  However, regardless of the ultimate merits of the Government's claims against Defendants, in pleading their affirmative defenses Defendants still must satisfy the requirement of Rule 8(b)(1) and meet the applicable standard for assessing the sufficiency of an affirmative defense.  See Rogers, 521 F.3d at 385; Woodfield, 193 F.3d at 362.

As explained above, an affirmative defense must do more than provide "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  See Woodfield, 193 F.3d at 362.  An affirmative defense must also meet the "plausibility" standard articulated in Twombly and Iqbal, providing "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S.Ct. at 1974.

With respect to Defendants' second argument, it is clear that in order to prove their defense of equitable estoppel against the Government, Defendants ultimately must "establish affirmative government misconduct in addition to the four traditional elements of estoppel."  Dawson, 504 F.3d at 607 (quoting Taylor, 127 F.3d at 474).  Defendants are correct that they need not prove affirmative misconduct by the Government at the pleading stage.  However, the Fifth Circuit has indicated that this additional element of affirmative misconduct must at least be *alleged* at the pleading stage in order to survive a motion to dismiss.  See Taylor, 127 F.3d at 474.[6]

Based on these principles, the Court holds as follows:

---

[6] In Taylor, the appellant, whose claim against the government under the Privacy Act had been dismissed pursuant to Rule 12(b)(6) in part due to appellant's failure to exhaust his administrative remedies, argued on appeal that the government was estopped from asserting exhaustion of administrative remedies because it had failed to inform him of procedural deficiencies in his Privacy Act request.  127 F.3d at 474.  However, the Fifth Circuit rejected the appellant's affirmative defense of estoppel, stating: "[w]e need not reach the issue of whether [appellant] has established the traditional elements of estoppel because he has alleged no affirmative misconduct on the part of the IRS.  He simply states that the IRS found the records that he requested and failed to inform him of any procedural deficiency in his Privacy Act request.  These allegations allow no inference of affirmative misconduct, and thus provide no basis for estopping the IRS from asserting the procedural shortcomings of [appellant's] Privacy Act request."  Id.  Accordingly, the court upheld the district court's determination that appellant's claims against the Government under the Privacy Act should be dismissed.  Id. at 478.

Because Defendants have not alleged any affirmative misconduct on the part of the Government, Defendants' affirmative defense of equitable estoppel has not been sufficiently pled so as to avoid dismissal. See Taylor, 127 F.3d at 474. In addition, Defendants' defenses of estoppel and waiver are insufficiently pled because Defendants have not asserted in their answer that they contacted or communicated with the Corps of Engineers prior to constructing a dam in La Para Creek, or otherwise indicated factual circumstances that might satisfy the elements of equitable estoppel and/or waiver. See Twombly, 127 S.Ct. at 1974 (a complaint must provide "enough facts to state a claim to relief that is plausible on its face.")

However, because Defendants have technically complied with the (probably outdated) liberal "fair notice" standard for affirmative defenses put forth by the Fifth Circuit in Woodfield – and because, under Rule 15(a), "there is a strong presumption in favor of granting leave to amend," see Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006) – the Court holds that Defendants may re-plead their affirmative defenses, correcting the factual deficiencies in their answer. See also Banks v. Realty Mgmt. Serv., 2010 U.S. Dist. LEXIS 7501, at *3 (E.D. Va. Jan. 29, 2010) (when affirmative defenses are stricken under Rule 12(f), the defendant should normally be granted leave to amend) (citing 5C Wright & Miller § 1381 (3d ed. 2004)).

In their amended answer, Defendants should indicate in more detail how the Government led Defendants to believe no permit was required to build their dam, or provide other facts supporting the traditional elements of estoppel and/or waiver. Defendants should also indicate how the Government engaged in affirmative misconduct under the standards articulated in Taylor. 127 F.3d at 474.

Defendants have fourteen (14) days to amend their answer accordingly, or their affirmative defenses of estoppel and waiver will be dismissed.

**IV.     Conclusion**

For the reasons stated above, the Government's Rule 12(c) Motion for Partial Judgment on the Pleadings (D.E. 14) is hereby DENIED.  However, Defendants must, within fourteen (14) days from entry of this order, amend their answer to provide factual matter in support of their affirmative defenses of estoppel and waiver according to the standards articulated above, or said defenses will be dismissed.

SIGNED and ORDERED this 4th day of March, 2011.

_____
Janis Graham Jack
United States District Judge